UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DANIEL L. RUSH,<br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1] Commissioner,<br>Social Security Administration,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-216ML |

Granted. Mary M. Lisi USDJ 3/24/08

DEFENDANT'S ASSENTED TO MOTION FOR ENTRY OF JUDGMENT

NOW COMES the defendant, the Commissioner of Social Security, in the above case, by and through the undersigned counsel, and Moves the Court for entry of judgment affirming the Commissioner's final decision in this case. In support of this Motion, the defendant says:

1. On September 10, 2004, this Court entered an Order remanding this case to the Commissioner pursuant to sentence six of 42. U.S.C. § 405(g) for further administrative action.

2. In Shalala v. Schaefer, 509 U.S. 292 (1993) and Melkonyan v. Sullivan,501 U.S. 89 (1991), the Supreme Court announced that a remand to the Commissioner pursuant to sentence six of 42. U.S.C. § 405(g) does not constitute a final decision and that, accordingly, the district court retains jurisdiction over the case pending final agency decision subsequent to remand.

3. On remand, the plaintiff amended his alleged disability onset date to December 17,

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2005 (Tr. 1962). On January 18, 2007, an administrative law judge issued a decision, entitled Notice of Decision - Partially Favorable, finding that the plaintiff was disabled as of December 17, 2005 (Tr. 708-719).[2] This decision constitutes the Commissioner's final decision in this case subsequent to the above-noted remand. The decision is actually fully favorable to the plaintiff in that it found that he was disabled since his amended alleged disability onset date of December 17, 2005.

4. No contested issues remain in this case. Therefore, the Court can and should now enter judgment affirming the Commissioner's final decision subsequent to remand.

5. Upon the entry of judgment, the plaintiff will have thirty (30) days in which to file a petition to seek fees under the Equal Access to Justice Act if he deems it appropriate. See 42. U.S.C. § 2412. Until such judgment has been entered, no EAJA fee petition may be filed.

6. In support of this motion and in accordance with section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), the defendant files a certified copy of the transcript of the record.

7. Plaintiff's counsel has been contacted, and she assents to this motion.

---

[2] While this decision is only partially favorable as it pertains to the plaintiff's original alleged disability onset date, as noted above, the plaintiff subsequently amended his alleged disability onset date, and the decision is in fact fully favorable with respect to the new alleged disability onset date.

**WHEREFORE**, the defendant respectfully requests that the Court enter judgment affirming the Commissioner's decision subsequent to remand.

Respectfully submitted,

MICHAEL J. ASTRUE, Commissioner
Social Security Administration

By His Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5017 (fax)
Email:dulce.donovan@usdoj.gov

OF COUNSEL:

Christopher A. Michaels
Assistant Regional Counsel
Social Security Administration
J.F.K. Federal Bldg., Room 625
Government Center
Boston, Massachusetts 02203